## STATE EX REL. WILLIAM A. CULVER v. BOARD OF PUBLIC WELFARE AND ANOTHER.[1]

June 15, 1928.

No. 26,690.

**Janitor not entitled to be reinstated in his position when school passed from jurisdiction of one board to that of another.**

The board of public welfare of Minneapolis maintained the janitor and engineer service of Lymanhurst hospital, which was a school maintained by the city for children afflicted with incipient tuberculosis. The educational features were under the supervision of the board of education. The relator was employed by the board of public welfare at the hospital or school as an engineer and was subject to its civil service rules. It discontinued its engineering and janitorial service, and the work was taken over by the board of education having different civil service rules. This resulted in the discontinuation of the position of the relator. *Held* that the discontinuance of the position resulted from a proper maintenance of the public activities of the city and that the relator was not entitled to be reinstated.

Municipal Corporations, 43 C. J. p. 912 n. 96.

---

See note in 4 A. L. R. 207; 37 A. L. R. 816; 5 R. C. L. 614; 1 R. C. L. Supp. 1450.

[1]Reported in 219 N. W. 919.

Relator appealed from an order of the district court for Hennepin county, Leary, J. denying his motion for a new trial.  Affirmed.

*Thomas E. Latimer* and *Elsie H. Latimer,* for relator.

*Neil M. Cronin,* City Attorney, for respondents.

DIBELL, J.

Mandamus against the board of public welfare of Minneapolis and the commissioner of health as superintendent of Lymanhurst hospital to compel the reinstatement of the relator in his former position of engineer at a school in Minneapolis.  There were findings for the respondents, and the relator appeals from the order denying his motion for a new trial.

The Lymanhurst hospital in Minneapolis is a school of the city patronized by children afflicted with incipient tuberculosis.  The board of education attended to the educational features of the hospital, and the board of public welfare attended to the physical welfare of the students.  They worked in harmony.  Civil service rules governed the board of education in the employment of janitors and engineers, and a different set of civil service rules governed the board of public welfare.  On July 26, 1927, or thereabouts, the board of public welfare discontinued its janitorial and engineering service, and an arrangement was made that the board of education should perform such service with its regular engineering and janitorial force.  This left the position of the relator under the board of public welfare vacant.  It is his contention that he was entitled to continue in the position when the service was taken over by the board of education.

We are unable to view the situation other than this:  The board of public welfare and the board of education decided upon a change in the handling of the janitorial and engineering service.  This operated as a discontinuance of relator's employment as an engineer.  The qualification and duties of the two classes of employes were different.  They were under different civil service rules.  The change was not a sham or subterfuge to deprive the relator of a position.  The loss of his position was the result of a change in the administrative activities of the city.  The result is not forbidden,

and the relator cannot insist upon the continuance of his employment under the board of public welfare.. See State ex rel. Boyd v. Matson, 155 Minn. 137, 193 N. W. 30. In short there was no longer any position under the board of public welfare such as the relator had held.

Order affirmed.